*Prashker* v. *United States Guar. Co.* (1 N Y 2d 584). The provisions of the policy, insofar as applicable under the circumstances of this case, are not free from ambiguity and, thus, there are issues of fact precluding the granting of summary judgment. (See *American Sponge & Chamois Co.* v. *Atlantic Mut. Ins. Co.*, 29 A D 2d 749; *American Sur. Co.* v. *National Fire Ins. Co.*, 25 A D 2d 734; *W. S. Hayes, Inc.* v. *Public Serv. Mut. Ins. Co.*, 12 A D 2d 989, app. dsmd. 10 N Y 2d 826.) Moreover, there are issues of fact appertaining to whether the Chicago firm of attorneys was retained to. defend the *Barlas* action with the understanding that said firm was to represent the insurer and that the insurer would pay the legal fees and expenses of said firm in full and whether the insured retained such control of the action that it may be assumed to have obligated itself to pay such fees and expenses. Furthermore, as bearing upon the liability of the insurer for the entire amount of the settlement of $7,500, there is an issue of fact as to whether the insurer, in authorizing a settlement in such amount, did authorize the use of the entire sums in settlement of the action regardless of any apportionment. Then, if it be determined that there is to be an apportionment of the counsel fees and expenses on the settlement, the proper proportion to be paid by the insurer concededly presents issues of fact. Concur — Stevens, P. J., Eager, McGivern, Markewich and Nunez, JJ.

■ In the Matter of HENRY DIAZ, Appellant, v. JAMES POWER et al., Constituting the Board of Elections of the City of New York and VINCENCIO GENTELESCO, Respondents.— Judgment unanimously affirmed, without costs and without disbursements. No opinion. Concur — Stevens, P. J., Capozzoli, Tilzer, McGivern and Steuer, JJ.

# (July 8, 1969)

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. CHARLES BRICKNER, Appellant, v. JAMES A. THOMAS, as Warden of New York City Penitentiary, Respondent.— Appeal dismissed as moot. No opinion. Concur — Capozzoli, J. P., Tilzer, McGivern, Markewich and Steuer, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. CHARLES BRICKNER v. JAMES A. THOMAS, as Warden of New York City Penitentiary.— Motion to dismiss appeal granted on the ground that the appeal is now moot.. Concur — Capozzoli, J. P., Tilzer, McGivern, Markewich and Steuer, JJ.

■ In the Matter of the Arbitration between GRINNELL CORPORATION, Respondent, and AMERICAN DISTRICT TELEGRAPH COMPANY, Appellant.— Judgment entered February 14, 1969, granting motion to compel arbitration and denying cross motion for a stay, affirmed, with $30 costs and disbursements to respondent. The "Commutation Agreement" under scrutiny provided: "In default of agreement as to the amount of the monetary value of any such consideration, such amount will be finally determined by arbitration in New York in accordance with the Commercial Arbitration Rules of the American Arbitration Association." In the implementation of the "Commutation Agreement", a previously honored arrangement between the parties known as the "Device Sales Agreement", which also contained an arbitration clause, was canceled. All this was pursuant to the judgment of Judge WYZANSKI in *United States* v. *Grinnell Corp.* (Civil Action No. 2785, D. R. I.), which stated in part: "If they have not already done so by the date of entry of this Judgment, Grinnell, ADT and AFA are ordered to cancel the Device Sale Agreements between them dated February 18, 1954; *provided however, that nothing contained herein shall be deemed to prohibit the parties from agreeing to com-*